F. J. IMGRUND, TRUSTEE FOR HEIRS OF MARIAN W. ZENTNER, v. JOHN REFF, ADMINISTRATOR OF ESTATE OF CLARA HAMKENS, AND OTHERS. RUSSELL KOPP AND OTHERS, COPARTNERS, d.b.a. KOPPS TRANSFER, RESPONDENTS.[1]

November 19, 1954.

No. 36,297.

---

[1]Reported in 67 N. W. (2d) 411.

*Leslie C. Scholle* and *Charles B. Wilhelm,* for appellant.

*Bradford & Kennedy,* for respondent F. J. Imgrund.

*Richards, Janes, Hoke, Montgomery & Cobb* and *Charles A. Bassford,* for respondents Kopp.

KNUTSON, JUSTICE.

Appeal from an order denying a motion of defendant Reff as administrator of the estate of Clara Hamkens, decedent, for judgment notwithstanding the verdict or for a new trial.

This litigation arises out of a collision between an automobile owned and driven by Clara Hamkens and a tractor-trailer owned by Kopps Transfer, a copartnership, and driven by Russell Kopp, one of the copartners. The material facts relating to the manner in which the accident happened are not seriously in dispute.

The accident occurred on U. S. highway No. 10 at the north edge of East St. Cloud. The highway at that point consists of an 18-foot strip of concrete on each side of which is a shoulder eight or nine feet wide. The east shoulder at that point was some two or three inches lower than the pavement. The highway is straight and substantially level, running generally in a north-south direction. While the place involved is within the city limits, there is evidence that it was posted for a 40-mile speed limit. At the time of the accident the highway was covered with ice, and it was slippery following a freezing drizzle.

The accident occurred on November 24, 1952, at about 6 p. m. Clara Hamkens was driving north en route from Rochester, Minnesota, to her home at Wadena. Riding with her in the front seat was Marian W. Zentner and her minor son. The Kopp tractor-

trailer was hauling a load of straw and livestock in a southerly direction to South St. Paul. The tractor-trailer weighed about 17,000 pounds and the load about 14,000 pounds. The trailer was eight feet wide. The tractor was 14 feet long and the trailer 32 feet long. When connected, the over-all length of the tractor-trailer unit was 41 feet 6 inches.

At the time of the collision it was dusk and Kopp was driving with his clearance and driving lights on. Apparently the lights on the Hamkens car were also on. Kopp first observed the Hamkens car approaching when it was some considerable distance away. It appeared to be approaching normally. When about 100 to 150 feet away, he observed the right wheels of the automobile leave the concrete. It was driven back onto the concrete and seemed to go straight for a short distance and then veered to the left and started to spin around in a counterclockwise direction. When he saw the automobile leave the pavement Kopp took his foot off the accelerator. When the automobile began to slide toward him, he swung his tractor to the right and applied the brakes. The impact occurred on the west side of the highway. The right front fender of the automobile first struck the left front fender of the tractor. It continued to swing in a counterclockwise direction, and the next impact was between the right rear fender of the automobile and the left rear dual wheels of the tractor. The impact was so severe that the lettering on the tractor tires was impressed in the metal of the automobile fender. After this impact, the automobile rebounded in a clockwise direction and came to rest some 75 feet southeast of the place of impact, facing in a northerly direction. After the impact, the tractor-trailer "jackknifed," the rear end of the trailer swinging around so that it obstructed all of the west lane and about half of the east lane of the highway. The automobile made no contact with the trailer part of the unit.

Both women in the automobile were killed instantly. This action was brought by F. J. Imgrund as trustee for the heirs of Marian W. Zentner, decedent, against John Reff as administrator of the estate of Clara Hamkens, decedent, and the Kopp copartners. The jury

returned a verdict in favor of plaintiff against the administrator of the estate of Clara Hamkens alone and absolved the Kopp co-partners of liability.

Defendant Reff contends (1) that defendants Kopp were guilty of negligence as a matter of law and (2) that the evidence does not support a finding of negligence as to Clara Hamkens.

Apparently it is Reff's position that, after the driver of the Kopp tractor saw the Hamkens car was out of control or after he saw it leave the highway, he should have removed his tractor-trailer unit from the highway onto the shoulder. According to the testimony of Russell Kopp, the tractor was proceeding about 30 or 35 miles per hour on its right side of the highway. There is testimony of another driver who was following the tractor-trailer unit that it was going much slower. The Hamkens automobile, according to the estimate of witnesses, was traveling about 35 miles per hour. The two vehicles were therefore approaching each other at a combined speed of about 70 miles per hour. At best, the driver of the tractor had about one and one-half seconds after he noticed the automobile leave the concrete in which to determine what to do and to remove himself from the area in which the automobile was apt to traverse, spinning as it was on an icy pavement. In an effort to avoid the automobile, he swung to the right and was struck before he had traveled very far off the pavement. At the very best, the question of his negligence was for the jury.

The negligence of Reff's decedent clearly was for the jury. While there is no evidence to show what caused the automobile to leave the pavement, the question of whether the driver was negligent in failing to remain on the pavement, as well as the question whether once having driven off the pavement she should have stayed off in view of the two- or three-inch drop from the pavement to the shoulder and the icy condition of the pavement until she had passed the approaching traffic, presented a fact question for the jury. The shoulder was much less slippery than the pavement. There was nothing to prevent her from remaining on the shoulder until she could safely drive back onto the pavement. Her speed, under the

existing conditions, also raised a question whether she was negligent for the jury's determination.

In view of our decision on these two issues, we need not determine other questions, largely of practice, raised by the appeal.

Affirmed.